UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 09-196-KSF

DONNIE FAYE BURTON                                                       PLAINTIFF

V.                                **OPINION & ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY                        DEFENDANT

* * * * * * * * * * * *

        The plaintiff, Donnie Burton, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying her application for Title II disabled widow's benefits and her application for Title XVI Supplemental Security Income ("SSI"). The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence and was decided by proper legal standards.

**I.      OVERVIEW OF THE PROCESS**

        In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

        (1)      If the claimant is currently engaged in substantial gainful activity, she is not disabled.

        (2)      If the claimant is not doing substantial gainful activity, her impairment must be severe before she can be found disabled.

1

> (3) If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> (4) If the claimant's impairment does not prevent her from doing past relevant work, she is not disabled.
>
> (5) Even if the claimant's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that accommodates her residual functional capacity and vocational factors (age, education, skills, etc), she is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that she is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the administrative law judge reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider her residual functional capacity, age, education, and past work experience to determine if she could perform other work. If not, she would be deemed disabled. 20 C.F.R. § 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## II.     PROCEDURAL BACKGROUND AND THE ADMINISTRATIVE DECISION

Burton filed her application seeking SSI benefits on January 22, 2007, alleging an onset date of May 18, 2006 [TR 101-104]. She also filed her application seeking widow's insurance benefits on the same date, alleging that she has attained the age of 50, that she is the unmarried widow of Delbert Larry Burton, and that she has a disability that began before the expiration of her insured status [TR 105-107]. Burton claims that she is disabled due to certain exertional and nonexertional impairments.

In this case, the ALJ conducted a hearing on March 21, 2008, and issued his opinion denying Burton's application for benefits on June 6, 2008 [TR 23-41, 15-22]. Burton's request for review to the Appeals Council was denied, and this decision of the ALJ now stands as the final decision of the Commissioner [TR 2-4].

The ALJ began by finding that Burton meets the statutory non-disability requirements for disabled widow's benefits as set out in Section 202(e) of the Social Security Act. The ALJ further determined that the prescribed period for eligibility for Burton's disabled widow's benefits runs until December 31, 2009 [TR 17].

Then, the ALJ began the five step sequential analysis by determining that Burton has not engaged in any substantial gainful activity since her alleged onset date of May 18, 2006 [TR 17-18]. At step two, the ALJ found that Burton suffers from the following severe impairments: obesity, arthritis, and benign hypertension [TR 18]. Continuing on to the third step, the ALJ determined that these impairments or combination of impairments are not associated with clinical signs and findings that meet or equal in severity any of the listed impairments [TR 19].

Reviewing the administrative record, the ALJ concluded that Burton maintains the residual functional capacity ("RFC") to perform medium work activity with the following limitations: no work requiring any climbing of ladders, ropes, or scaffolds or concentrated exposure to heights, work hazards, or temperature extremes [TR 19]. Based on this finding and the testimony of a vocational expert, the ALJ concluded that she could perform her past relevant work as a food service worker and cook's helper [TR 21].

The ALJ's decision that Burton is not disabled became the final decision of the Commissioner when the Appeals Commission subsequently denied her request for review on May 18, 2009 [TR 2-4]. Burton has exhausted her administrative remedies and filed a timely action in this Court. This case is now ripe for review under 42 U.S.C. § 405(g).

### III.  ANALYSIS

On appeal, Burton argues that the ALJ's decision was not based on substantial evidence or decided by the proper legal standards. A review of the record, however, reveals that substantial evidence supports the ALJ's finding that despite her severe impairments, Burton can still perform her past relevant work and therefore is not disabled within the meaning of the Social Security Act.

The ALJ's decision is supported by the opinions of the state agency physicians who reviewed

Burton's medical records and opined in February 2007 and April 2007 that Burton could perform medium work that requires no more than occasional climbing of ladders, ropes or scaffolds and no concentrated exposure to hazards machinery, fumes, odors, dusts, gases or poor ventilation [TR 205-212, 227-242]. The ALJ's decision is also supported by two state agency psychologists who reviewed Burton's medical records and opined on February 10, 2007 and April 5, 2007 that she has no severe mental impairment [TR 187-200, 213-226]. The ALJ is entitled to give the opinions of state agency medical and psychological consultants great weight if they are supported by the evidence. *See* 20 C.F.R. §§ 404.1527(f)(2), 416.927(f)(2) (2009); SSR 96-6p, 61 Fed. Reg. 34,466 (1996).

Burton fails to point to any evidence which contradicts the findings of the state agency consultants. The record does not include an opinion from a treating or examining doctor of record which indicates that Burton is disabled or which identifies limitations beyond those found by the state agency consultants. Without a differing opinion from a treating source, the ALJ is entitled to rely on the findings of the state agency consultants. *Longworth v. Commissioner, Social Security Administration*, 402 F.3d 591, 596 (6th Cir. 2005).

The medical information submitted by Burton only supports the ALJ's finding. For instance, the assessment of Dr. Martin Fritzhand on February 15, 2007 is consistent with the ALJ's RFC assessment. Dr. Fritzhand's impression was obesity, dyspnea, secondary to tobacco use, and hypertension [TR 203]. Although he indicated that he could not offer a functional assessment without at least a pulmonary function study and a resting EKG, he noted that if these studies were non-contributory, then Burton would be capable of a moderate amount of sitting, ambulating, standing, bending, pushing, pulling, lifting and carrying heavy objects [TR 204]. He further opined

that Burton would have no difficulties with reaching, grasping or handling objects, and that she would do best in a dust-free environment [TR 204]. Importantly, a subsequent EKG in October 2007 was generally normal [TR 277]. Other medical records submitted by Burton show only conservative treatment for her hypertension and pulmonary problems. Nowhere in the record is any indication that a treating doctor placed any limitations on Burton's ability to work.

In determining Burton's RFC, the ALJ also took into consideration her subjective complaints of pain, fatigue, depression, and limitations on walking, standing, and sitting [TR 19-21, 32, 34, 36]. Although the ALJ found that Burton's medically-determined impairment could reasonably be expected to produce the alleged symptoms, the ALJ determined that her subjective complaints were not entirely credible, particularly when juxtaposed with her own reports related to her activities of daily living [TR 21]. There is simply no objective medical evidence confirming the severity of her alleged symptoms.

After assessing Burton's RFC, the ALJ considered the testimony of the vocational expert ("VE"), who testified that an individual with Burton's work history, education and RFC could perform her past relevant work as a food service worker and cook's helper. The VE further testified that such an individual could also perform work as a dining room attendant, a production laborer and a packager. This testimony, in response to a hypothetical question setting forth all reasonable limitations on Burton's ability to work, provides substantial evidence in support of the ALJ's conclusion that Burton was not disabled.

IV.   **CONCLUSION**

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby

**ORDERS** as follows:

- (1)   the plaintiff's motion for summary judgment [DE #10] is **DENIED**;

- (2)   the defendant's motion for summary judgment [DE #14] is **GRANTED**;

- (3)   the decision of the Commissioner is **AFFIRMED** pursuant to sentence 4 of 42 U.S.C. § 405(g) as it was supported by substantial evidence and decided by the proper legal standards; and

- (4)   a judgment consistent with this Opinion & Order will be entered contemporaneously.

This March 26, 2010.



**Signed By:**
*Karl S. Forester*   KSF
**United States Senior Judge**